UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 24-12499-RGS

KEON L. BOGGS

v.

JPNDC PITTS

MEMORANDUM AND ORDER

November 12, 2024

STEARNS, D.J.

Plaintiff Keon L. Boggs, who is proceeding *pro se*, has filed a complaint against JPNDC Pitts with a Motion for Leave to Proceed *in forma pauperis*. For the reasons stated below, the Court will deny the Motion for Leave to Proceed *in forma pauperis* and dismiss this action.

BACKGROUND

Plaintiff submitted his complaint using the Pro Se 1 form (complaint for a civil case) provided by the Administrative Office of the United States Courts. ECF No. 1. For the basis of jurisdiction, Boggs checked the box for diversity of citizenship. *Id.* at ¶ II. For the amount in controversy, he simply writes "1,000,000." *Id.* at ¶ II(B)(3). For federal question jurisdiction, he writes "N/A." *Id.* at ¶ II(A). For the statement of claim, Boggs writes "organized crime, hate crime, white collar crime." *Id.* at ¶ III. The relief section is blank. *Id.* at ¶ IV.

The court's records indicate that Boggs filed the following actions in this court: *Boggs v. Childrens Hospital*, C.A. No. 24-10984-JEK (sua sponte dismissal Nov. 6, 2024); *Boggs v. 34 Bowdoin, et al.*, C.A. No. 24-10986-RGS (sua sponte dismissal Apr. 18, 2024); *Boggs v. Range Rover, et al.*, C.A. No. 24-10983-RGS (sua sponte dismissal Apr. 18, 2024); *Boggs v. Feds Agents, et al.*, C.A. No. 24-10982-ADB (sua sponte dismissal May 28, 2024); *Boggs v. Fed. Reserve Bank*, C.A. No. 24-10280-FDS (sua sponte dismissal Apr. 18, 2024); *Boggs v. Human Society, et al.*, C.A. No. 24-10279-PBS (sua sponte dismissal Apr. 3, 2024); *Boggs v. Snickers*, C.A. No. 24-10276-PBS (sua sponte dismissal Apr. 3, 2024); *Boggs v. Edwards Club*, C.A. No. 19-11113-IT (dismissal Nov. 21, 2019); *Boggs v. Citizens Bank, et al.*, C.A. No. 19-11112-LTS (dismissal Jun. 4, 2019); and *Boggs v. South Bay Jail*, C.A. No. 19-11111-DJC (dismissed Sept. 9, 2019).

## MOTION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS*

The motion for leave to proceed *in forma pauperis*, ECF No. 2, is DENIED because it is not signed and incomplete.

## REVIEW OF THE COMPLAINT

The court has an independent obligation to inquire, *sua sponte*, into its subject matter jurisdiction. See Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *McCulloch v. Velez*, 364 F.3d 1, 5 (1st Cir.

2004).  Furthermore, federal courts possess certain "'inherent powers,' not conferred by rule or statute, 'to manage their own affairs so as to achieve the orderly and expeditious disposition of cases.'"  *Goodyear Tire & Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (quoting *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)).  Those powers include the power to dismiss frivolous or malicious actions, regardless of the status of the filing fee.  *See Mallard v. United States Dist. Ct.*, 490 U.S. 296, 307-308 (1989); *Brockton Sav. Bank. v. Peat, Marwick, Mitchell & Co.*, 771 F.2d 5, 11 n.5 (1st Cir. 1985).  As used in this context, "frivolous" does not refer to the subjective intent of a plaintiff.  *Axcella Building Realty Trust v. Thompson*, No. 23-40151-DHH, 2024 WL 474539, at n. 2 (D. Mass. Jan. 25, 2024).  "Rather, in legal parlance, a complaint is 'frivolous' if it 'lacks an arguable basis either in law or in fact.'"  *Id.* (quoting *Neitzke v. Williams*, 490 U.S. 319, 325 (1989)).  A claim is frivolous if "based on an indisputably meritless legal theory."  *Neitzke*, 490 U.S. at 327.

Because Boggs is proceeding *pro se*, the court will liberally construe his complaint.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

## DISCUSSION

To invoke this court's subject-matter jurisdiction, plaintiff must allege either that this action raises a federal question, in that the cause of action arises under federal law, or that this court has diversity jurisdiction over the

3

matter. *See* 28 U.S.C. § 1331 (federal question) and § 1332 (diversity). To establish diversity jurisdiction, plaintiff must assert that the parties are citizens of different states, *see id.* at § 1332(a)(1), and that the amount in controversy in this action exceeds $75,000. *See id.* at § 1332(b).

Here, the court may not exercise diversity jurisdiction under 28 U.S.C. § 1332. It appears that the defendant is the Jamaica Plain Neighborhood Development Corporation ("JPNDC") in Jamaica Plain, Massachusetts. Even if diversity of citizenship existed, the asserted basis for jurisdiction in the complaint, the complaint does not identify a cause of action under state law nor an amount in controversy. Boggs does not seek to assert federal question jurisdiction, and even if he did, the complaint does not identify any claims that arise "under the Constitution, laws or treaties of the United States" nor does he seek to redress "any right privilege or immunity secured by the Constitution of the United States or by any Act of Congress." 28 U.S.C. §§ 1331, 1343(3). Thus, the court concludes that it is without subject matter jurisdiction.

Here, the court cannot discern a cause of action as the complaint contains no factual allegations. Thus, the complaint fails to establish this court's subject matter jurisdiction and fails to state a plausible claim.

In light of the nature of the pleading and plaintiff's litigation history, the court finds that amendment would be futile. *Garayalde-Rijos v.*

4

*Municipality of Carolina*, 747 F.3d 15, 23 (1st Cir. 2014) (explaining that *sua sponte* dismissal is appropriate only when it is crystal clear that the plaintiff cannot prevail and that amending the complaint would be futile).

Accordingly, and pursuant to the court's inherent authority, the action will be dismissed. In addition, Boggs is <u>WARNED</u> that if he continues to file frivolous claims, he may be sanctioned, including but not limited to monetary sanctions and enjoinment from filing actions in this district without leave of court.

### ORDER

For the foregoing reasons, it is hereby ordered as follows:

1. The motion for leave to proceed *in forma pauperis* is DENIED because it is incomplete.

2. This action is DISMISSED pursuant to the court's inherent authority.

3. The clerk is directed to enter a separate Order of Dismissal.

SO ORDERED.

/s/ Richard G. Stearns
UNITED STATES DISTRICT JUDGE